RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 JAN -9  A 10: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jerome Rainey, #293814,            )    C. A. No. 2:08-1996-GRA-RSC
                                   )
            Plaintiff,             )
                                   )
        -versus-                   )    **REPORT AND RECOMMENDATION**
                                   )
South Carolina Department of       )
Corrections; Evans C.I.            )
Willie L. Eagleton, Warden;        )
Evans C.I. Officer Fritz Ford,)
and Evans C.I. Officer Perry       )
Powell,                            )
                                   )
            Defendants.            )

This civil rights action pursuant to 42 U.S.C. § 1983 brought by a former state prisoner proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' dispositive motions. 28 U.S.C. § 636(b).

On April 14, 2008, the plaintiff, Jerome W. Rainey, brought this action in the South Carolina Court of Common Pleas for Marlboro County and on May 23, 2008, the defendants paid the filing fee and removed the action to this court based upon federal question claims under the civil rights statutes.

The plaintiff sued the South Carolina Department of Corrections (SCDC), Willie L. Eagleton, the warden of Evans Correctional Institution (ECI), Fritz Floyd, a correctional officer at ECI, and Perry Powell, a correctional officer at ECI.

1

Plaintiff sought damages for an alleged use of excessive force in violation of the Constitution. He also brought a South Carolina Tort Claims Act cause of action.

However, it appears that the defendants have never been properly served a copy of the summons and complaint. The defendants answered the complaint and asserted that they have never been properly served and, therefore, the court lacks personal jurisdiction over them. See, Fed.R.Civ.P. 4(e)(1), SCRCP 4(d)(5). Likewise, on August 21, 2009, the defendants filed a motion seeking dismissal of the action on that basis, among others.

On August 28, 2008, Plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff responded to the motion and the Roseboro order with copies of his complaint and a "Motion to Strike" the defendants' motion, which pleading he did not serve on the defendants.

Mindful of the plaintiff's pro se status, the undersigned United States Magistrate Judge allowed the plaintiff an additional ninety (90) days or until December 18, 2009, to effect proper service of the summons and complaint upon the defendants. See, Fed.R.Civ.P. 4(m). The plaintiff was cautioned that if he

failed to effect service within ninety (90) days, the case would be dismissed without prejudice.

Plaintiff did not serve the defendants but instead filed a copy of an amended complaint addressed to the state court which added four new defendants. Plaintiff did not serve this pleading on the defendants.

Thereafter, on December 3, 2008, a status conference in the matter was set for December 17, 2008, a notice of which was mailed by certified United States mail return receipt to the plaintiff. On December 10, 2008, the Clerk of Court received an acknowledgment of service of the notice signed by the plaintiff. Nonetheless, the plaintiff did not appear at the hearing or contact the court in any way. Counsel for the defendants were present.

The following day, the defendants filed a motion to dismiss the action for Plaintiff's failure to prosecute the action and for failure to obey orders of the court. On December 22, 2008, the plaintiff was provided a copy of the motion and another <u>Roseboro</u> order. On January 6, 2009, the plaintiff filed a pleading denominated, "Notice: Motion to Strike Defendants Motion to Dismiss" which reads in its entirety:

> To Clerk I Plaintiff need a copy of all that has been filed in Case # 2:08-1996-GRA-RSC and a copy of all that the defendants has filed so that I can show the Courts that I the Plaintiff was nor put on notice every step of the way in this case nor was I put on notice to appear of hearing 12/17/08

3

> so I ask the Courts for a Motion to Strike the Defendants Motion to Dismiss. (sic).

The plaintiff did not serve a copy of his motion to strike on the defendants. Hence it appears that consideration of the motion is appropriate.

### DISCUSSION

A review of the record and relevant case law reveals that this case should be ended. An action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084, 110 S.Ct. 1145 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of the plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the plaintiff; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no appropriate responses to orders and motions have been made. The defendants are suffering prejudice due to having to expend time

and resources on a case in which the plaintiff is unresponsive. Plaintiff now asks the court to send a copy of his file to him so that he can, at some unknown time in the future, show the court that he did not receive notice of the December hearing in his case.[1] Plaintiff has not responded to the defendants' various dispositive motions or the Court's specific orders requiring him to respond. Plaintiff is indigent and therefore not subject to monetary sanctions. No other reasonable sanctions are available.

Therefore, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) with prejudice. Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion to dismiss for failure to prosecute and for failure to obey court orders be granted, that

---

[1] As noted, the records of the Clerk include a receipt signed by the plaintiff affirmatively showing that the plaintiff personally received notices and personally acknowledged his receipt of them.

5

the matter be dismissed, and that all other motions be deemed moot.

                                        Respectfully Submitted,

                                        */s/ Robert S. Carr*

                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

January 9, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).